IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GAIL L. FAUBION,                                                                                    PLAINTIFF

v.                                                    CIVIL NO. 12-003056

CAROLYN W. COLVIN[1], Acting Commissioner
of Social Security,                                                                                 DEFENDANT

## ORDER ON MOTION FOR ATTORNEY'S FEES

Plaintiff, Gail L. Faubion, appealed the Commissioner's denial of benefits to this court on April 19, 2012. (ECF No. 1). On December 27, 2012, a judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 13). Plaintiff now moves for a total of $1,117.10 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 5.3 attorney hours at a rate of $155.00 and 3.65 paralegal hours at a rate of $75.00. (ECF No. 15). Defendant filed a response not objecting to the above fees and costs. (ECF No. 16).

Pursuant to 28 U.S.C. § 2412(d)(1)(A). the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find the Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer,* 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence four judgement reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act (Act), 42 U.S.C. § 405(g).

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406 (b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

*Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D. Ohio, 1985).  Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *Id. See also Cornella v. Schweiker*, 728 F.2d 978 (8th Cir. 1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  *Id.*  Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved.  *Allen v. Heckler*, 588 F.Supp. 1247 (W.D.N.Y. 1985).

However, the EAJA is not designed to reimburse without limit.  *Pierce v. Underwood*, 487 U.S. 522, 573 (1988).  The district court is "in the best position to evaluate counsel's services and

fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS*, 923 F.2d 585, 586 (8th Cir 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 866 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI"). In this instance, counsel requests attorney's fees at an hourly rate of $155.00. (ECF No. 15 Ex. 11). Counsel presented the CPI as evidence that this rate is a proper reflection of the cost of living. (ECF No.15 Ex. 1). Defendant does not object to this rate, and the court finds it to be reasonable. (ECF 16 at 1). Accordingly, the undersigned finds that counsel is entitled to an hourly rate of $155.00.

**Attorney Hours**

The court next addresses the number of hours Plaintiff's counsel claims he spent working on this case. Counsel requests a total of 5.3 attorney hours. (ECF No. 15 Ex. 11). The court finds that counsel's requested time is reasonable and, as such, will award 5.3 hours. Accordingly, the court finds that counsel is entitled to 5.3 attorney hours at an hourly rate of $155.00.

**Paralegal Hours**

Counsel has also requested compensation for paralegal time of 3.65 hours at the rate of $75.00 per hour. (ECF No. 15 Ex. 11). Again, Defendant does not object to this hourly rate. (ECF No. 16). Accordingly, we find $75.00 per hour for paralegal work to be a reasonable rate. *See Richlin Security Service Company v. Chertoff*, 128 S.Ct. 2007 (U.S. 2008).

**Reimbursement for Out-of-Pocket Postage**

Counsel also requests compensation for out-of-pocket postage expenses of $21.85. (ECF No.15 Ex.11). A prevailing party that satisfies EAJA's other requirements may recover telephone, postage, travel and photocopying expenses under EAJA so long as the fees are reasonable. *Aston v. Secretary of Health and Human Services*, 808 F.2d 9, 12 (2d Cir. 1986). The court finds $21.85 for postage and filing is reasonable, and Defendant did not object to the motion. (ECF No. 16). Accordingly, the court finds that counsel is entitled to reimbursement of $21.85.

**Conclusion**

Based on the above, the court awards Plaintiff's attorney fees under the EAJA for 5.3 attorney hours at the rate of $155.00 per hour, 3.65 paralegal hours at the rate of $75.00 per hour, and $21.85 for certified mail expenses, for a total attorney's fee award of $1,117.10. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff, however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel. The parties are reminded that the award under the EAJA will be taken into account at such time as reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 3rd day of June 2013.

    /S/   *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE